MICHAEL C. BAUM (SBN 65158)
E-Mail: mbaum@rpblaw.com
ANDREW V. JABLON (SBN 199083)
E-Mail: ajablon@rpblaw.com
STACEY N. KNOX (SBN 192966)
E-Mail: sknox@rpblaw.com
RESCH POLSTER & BERGER LLP
1840 Century Park East, 17th Floor
Los Angeles, California 90067
Telephone: 310-277-8300
Facsimile: 310-552-3209

Attorneys for Plaintiff Lauren Moshi, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREN MOSHI, LLC, a California limited liability company,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>SUSAN SILVERSTEIN, an individual and KIM SPELLMAN, an individual; SUSAN SILVERSTEIN and KIM SPELLMAN, each doing business as FLOWERS BY ZOE, INC., a dissolved New York corporation; and DOES 1 through 50, Inclusive,<br><br>　　　　　　Defendants. | Case No. 2:17-cv-04435<br><br>**COMPLAINT FOR:**<br>**(1) COPYRIGHT INFRINGEMENT; AND (2) CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Lauren Moshi, LLC ("**Plaintiff**" or "**Lauren Moshi**") hereby alleges as follows:

### PARTIES

1.　Plaintiff Lauren Moshi is a California limited liability company organized and existing under the laws of the State of California with its principal place of business located in Los Angeles County.

2.　Plaintiff is informed and believes, and based thereon alleges, that

defendant Susan Silverstein (**"Silverstein"**) is an individual residing in the State of New York and who is doing business as Flowers by Zoe, Inc.

3. Plaintiff is informed and believes, and based thereon alleges, that defendant Kim Spellman (**"Spellman"**) is an individual residing in the State of New York and who is doing business as Flowers by Zoe, Inc.

4. Plaintiff is informed and believes, and based thereon alleges, that defendant Flowers by Zoe, Inc. ("**Flowers**") is a defunct New York corporation which was organized and existing under the laws of the State of New York and which was suspended and dissolved by proclamation of the New York State Department of State on January 26, 2011.

5. Defendants are doing business, including in this judicial district as a designer, manufacturer, importer and/or wholesaler of apparel.

6. Plaintiff is informed and believes, and based thereon alleges, that defendants DOES 1 through 50, inclusive, have infringed Plaintiff's Copyrights, have contributed to infringement of Plaintiff's Copyrights, and/or engaged in one or more of the wrongful practices alleged herein. The true names of DOES 1 through 50, inclusive, are presently unknown to Plaintiff, which therefore sues said defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

7. Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned in this Complaint, each of the defendants was the agent, co-conspirator, servant, joint venture, partner, employee and/or employer of each of the remaining defendants and was, in doing the things complained of herein, acting within the scope of his/her/its agency, conspiracy, joint venture, partnership or employment and acting also with the full knowledge or subsequent ratification of his/her/its principals, co-conspirators, joint venturers, partners, employee or employers.

8. Plaintiff is informed and believes, and thereon alleges, that there exists

a unity of interest and ownership between Flowers, on the one hand, and Silverstein, on the other hand, such that there is no individuality and separateness between each of the Defendants Flowers, on the one hand, and Silverstein, on the other hand. Plaintiff is informed and believes, and thereon alleges, that at all times herein relevant, Flowers was merely a shell and sham through which Silverstein carried on business in a company name, and that Flowers was conceived, intended and used by Silverstein as a device to avoid individual obligations and liabilities, both monetary and non-monetary. Silverstein has conducted the business of Flowers without adhering to the formalities required for the maintenance, existence and operation of a corporation as an entity separate from its shareholders.  Plaintiff is informed and believes, and thereon alleges, that at all times herein relevant, Silverstein treated and used the assets of each of Flowers as her own personal property, and dominated, controlled and operated Flowers as her own personal pocket book, to suit her personal convenience and for the purpose of evading duties and obligations, both monetary and non-monetary, owned by the Silverstein to others, including, without limitation, Plaintiff.  Plaintiff is further informed and believes, and thereon alleges that Silverstein has transferred money and assets of each of Flowers to herself for her own personal use and benefit and to avoid creditors, including Plaintiff. Plaintiff is further informed and believes, and thereon alleges, that Silverstein is, and at all times herein relevant was, a purported shareholder of Flowers.  Plaintiff is informed and believes, and thereon alleges, that adherence to the fiction of the separate existence of each of Flowers as an entity distinct from Silverstein would sanction fraud and promote injustice, in that Silverstein has used each of Flowers, as a proxy to engage in the conduct alleged herein on behalf of the Silverstein and for their personal enrichment, with the intention and for the purpose of escaping personal liability for said conduct

9. Hereinafter defendants Silverstein, Spellman, Flowers and DOES 1 through 50, inclusive, shall be referred to collectively as "**Defendants**."

## JURISDICTION AND VENUE

10. This action arises under the Copyright Act of 1976, Title 17 U.S.C. §101 *et seq*.

11. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and §1338(a).

12. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c).

## THE COPYRIGHTED DESIGN

13. Lauren Moshi is the author of, and copyright holder in, the original print design which it has internally designated as Good Vibes Girl (the "**Design**"). Attached hereto as Exhibit "1" is a true and correct copy of the Design.

14. On or about February 24, 2016, Lauren Moshi obtained a Certificate of Registration for the Design from the United States Copyright Office, bearing registration number VAu 2-045-202. Attached hereto as Exhibit "2" is a true and correct copy of the Certificate of Registration for the Design.

## DEFENDANTS' INTENTIONAL ACTS TO UNFAIRLY COMPETE WITH LAUREN MOSHI AND TO INFRINGE ITS COPYRIGHTS

15. Lauren Moshi has over the course of many years developed a distinctive brand and a particular "look and feel" to its original artwork and designs. Lauren Moshi has spent large sums of money in connection with advertisement of its products, design of its artwork, and cultivation of its brand and image.

16. As a result of these efforts and expenditures, Lauren Moshi has developed a loyal following among retailers and consumers for its original designs and premium quality products.

17. Defendants have repeatedly and deliberately pirated Lauren Moshi's designs and intellectual property, including copyrighted designs, and has sold them to the same customers to which Lauren Moshi sells.

18. The copyright infringement sued upon herein as a continuation of Defendants' wrongful conduct and unfair competition.

19. Defendants' acts as alleged herein were part of a willful, deliberate and calculated scheme to infringe on Lauren Moshi's copyrights and to profit therefrom by selling these products to Lauren Moshi's customers.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement – Against All Defendants)

20. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 19 hereinabove, and incorporates them by reference as if fully set forth herein.

21. Within the last three years, Defendants have manufactured and/or sold garments upon which were unauthorized reproductions of the Design (the "**Infringing Goods**").

22. Defendants have licensed, advertised, manufactured, sold and/or offered for sale the Infringing Goods to customers, including retailers and consumers, throughout the United States, including within this judicial district.

23. Attached hereto as Exhibit 3 is true and correct copy of a photographic images of one of the garments manufactured and/or sold by Defendants containing an unauthorized reproduction of the Design.

24. For the Court's convenience, the following is a comparison of Plaintiff's Design and the design affixed to the subject garment which calls out some, but not all, of the elements of Plaintiff's Design which were directly copied by Defendants.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /



25. On or around May 24, 2017, Lauren Moshi sent a cease and desist letter to Defendants demanding that they immediately discontinue their unauthorized manufacture, advertisement, sale and distribution of the Infringing Goods, and requesting that they provide certain information regarding their manufacture and sale of the Infringing Goods. Flowers failed to address its infringing activity.

26. By Defendants' willful, knowing and unauthorized licensing, manufacturing, advertising and offering for sale and/or sale of the Infringing Goods, Defendants have infringed on Plaintiff's Copyright in the Design.

27. Plaintiff is without adequate remedy at law to prevent the wrongful acts of Defendants herein set forth, and said acts of Defendants have resulted and will result in irreparable damage to Plaintiff unless Defendants' acts of infringement are enjoined by this Court.

28. Defendants' willful and intentional infringing activities have continued and will continue to the detriment of Plaintiff, and loss and injury to Plaintiff's business in an amount not presently ascertainable, and threaten to increase such loss and injury unless such activities are enjoined by this Court and Defendants are required to recall and destroy all Infringing Goods.

29. By reason of the acts of Defendants alleged herein, Plaintiff has suffered actual damages in an amount subject to proof at trial.

30. Due to Defendants' acts of copyright infringement, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of the Design. Pursuant to the Copyright Act, Plaintiff is entitled to disgorgement of Defendants' profits attributable to Defendants' infringement of the Design in an amount subject to proof at trial. Plaintiff is further entitled to recover its lost profits by virtue of Defendants' acts of infringement, which are subject to proof at trial.

31. Plaintiff is informed and believes, and based thereon alleges, that Defendants' acts of infringement as alleged herein were willful and deliberate.

Accordingly, in the event that Plaintiff elects statutory damages, Defendants, and each of them, are subject to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) from each defendant for each violation.

## SECOND CLAIM FOR RELIEF

### (Contributory Copyright Infringement – Against All Defendants)

32. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 24 hereinabove, and incorporates them by reference as if fully set forth herein.

33. Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, willfully and knowingly induced, participated in, aided in, and profited from the illegal reproduction of Plaintiff's Design and/or subsequent sale of the Infringing Goods, as alleged above.

34. By Defendants' unauthorized duplication of the Design, and by their offering and/or accepting for sale and sale of the Infringing Goods, Defendants, and each of them, have infringed Plaintiff's Copyright in the Design.

35. Plaintiff is informed and believes, and based thereon alleges, that Defendants' acts of infringement as alleged herein were willful and deliberate.

36. By reason of Defendants' acts of contributory copyright infringement as alleged herein, Plaintiff is without adequate remedy at law to prevent the wrongful acts of Defendants herein set forth, and said acts of Defendants have resulted and will result in irreparable damage to Plaintiff unless Defendants' acts of infringement are enjoined by this Court.

37. Defendants' infringing activities have continued and will continue to the detriment of Plaintiff and loss and injury to Plaintiff's business in an amount not presently ascertainable, and threaten to increase such loss and injury unless such activities are enjoined by this Court and Defendants are required to recall and destroy all Infringing Goods and designs.

38. By reason of the acts of Defendants alleged herein, Plaintiff has suffered actual damages in an amount subject to proof at trial.

39. Due to Defendants' acts of contributory copyright infringement, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of the Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits attributable to Defendants' infringement of the Design in an amount subject to proof at trial. Plaintiff is further entitled to recover its lost profits by virtue of Defendants' acts of infringement, which are subject to proof at trial.

40. Plaintiff is informed and believes and based thereon alleges that Defendants' acts of infringement as alleged herein were willful and deliberate. Accordingly, in the event that Plaintiff elects statutory damages, Defendants, and each of them, are subject to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) from each defendant for each violation.

## PRAYER

WHEREFORE, Plaintiff prays for relief against Defendants, and each of them, as follows:

1. For a preliminary injunction and a permanent injunction, restraining Defendants and their agents, servants, employees, and all persons acting under, in concert with, or for them, from using Plaintiff's Design for any purpose, including but not limited to, use of the Design in attempting to sell and/or selling garments.

2. For order requiring the recall and destruction of all garments infringing upon the Design.

3. Actual damages, plus Defendants' profits attributable to Defendants' infringement of the Design and/or contributory infringement of the Design, in an amount subject to proof at trial; or, if elected, statutory damages as available under the Copyright Act of $150,000.00 from each defendant.

4. For attorneys' fees as allowed by law.

5. For such further and other relief as the Court deems just and proper.

Dated: June 14, 2017          RESCH POLSTER & BERGER LLP


                              By:      /s/ Michael C. Baum
                                       MICHAEL C. BAUM
                                 Attorneys for Plaintiff Lauren Moshi, LLC.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury in this action.

Dated: June 14, 2017          RESCH POLSTER & BERGER LLP


By: ___/s/ Michael C. Baum___
MICHAEL C. BAUM
Attorneys for Plaintiff Lauren Moshi, LLC